Jose M. Cruz
548 Quince St.
Mendota, Ca. 93640
559-288-9093
In Pro Per



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

1:18 CV 01127 AWI BAM

| | |
|---|---|
| JOSE M. CRUZ<br><br>Plaintiff,<br><br>vs.<br><br>ONLINE INFORMATION SERVICES, INC.<br>A NORTH CAROLINA CORPORATION<br>AND DOES 1-50. Defendants. | CAUSES OF ACTION:<br><br>1. THE FAIR CREDIT REPORTING ACT.<br><br>2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CALIFORNIA CIVIL CODE § 1785.25(A)<br><br>3. INVASION OF PRIVACY – INTRUSION<br><br>4. NEGLIGENCE, PROFESSIONAL<br><br>5. EMOTIONAL DISTRESS |

RECEIVED
AUG 21 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

I, Jose M. Cruz herein declare that the forgoing is true and will testify if called upon in court.

COMES NOW, Jose M. Cruz, herein after "Plaintiff" with this complaint against Online Information Services "OIS" and Does 1-50.

CIVIL COMPLAINT- 1

## TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………………..4

II. STATEMENT OF FACTS……………………………………………………5

III. LEGAL ARGUMENTS……………………………………………………..7

IV. FAIR CREDIT REPORTING ACT………………………………………..7

V. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT …………………………………………………………..10

VI. INVASION OF PRIVACY-SECLUSION………………………………11

VII.    NEGLIGENCE-PROFESSIONAL…………………………………...14

VIII.   EMOTIONAL DISTRESS………………………………………………15

IX. CONCLUSION………………………………………………………………15

## TABLE OF AUTHORITIES

**Cases:**

*Bates,* 544 U.S. at 445, 125 S. Ct. 1788

*Bryant v. TRW, Inc.,* 487 F. Supp. 1234, 1240 (E.D.Mich.1980), *aff'd,* 689 F.2d 72 (6th Cir. 1982)

*Cuno, supra,* at 342, 126 S. Ct. 1854

*Dennis v. BEH-1, LLC,* 520 F. 3d 1071 - Court of Appeals, 9th Circuit 2008

*Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1171 (9th Cir. 2009)

*Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373-374, 102 S. Ct. 1114, 71 L.Ed.2d 214 (1982)

*Hernandez, supra,* 47 Cal. 4th at p. 295

*Johnson v. Department of Treasury, I.R.S.,* 700 F.2d 971, 984 (5th Cir.1983)

*Jones v. Credit Bureau of Huntington, Inc.,* 184 W.Va. 112, 117, 399 S.E.2d 694 (1990)

*Lujan v. Defenders of Wildlife,* 504 U. S. 555 (1992)

*Miller v. National Broadcasting Co., supra,* 187 Cal. App.3d at pp. 1483-1484

*Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829, 834-35 (8th Cir.1976)

*Nelson v. Chase Manhattan Mortgage Corp.,* 282 F. 3d 1057 - Court of Appeals, 9th Circuit (2002)

*Raines, supra,* at 820, n. 3, 117 S. Ct. 2312

*Riegel,* 128 S. Ct. at 1008

*Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 325 [59 Cal.Rptr.3d 770]

*Safeco Ins. Co. v. Burr,* 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L.Ed.2d 1045 (2007).

*Sierra Club* v. *Morton,* 405 U. S. 727, 740-741, n. 16 (1972)

*Simon* v. *Eastern Ky. Welfare at* 561

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1543 - Supreme Court 2016

*Summers v. Earth Island Institute,* 555 U.S. 488, 497, 129 S. Ct. 1142, 173 L.Ed.2d 1 (2009)

*Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 100, 99 S. Ct. 1601, 60 L.Ed.2d 66 (1979)

*Syed v. MJ, LLC,* 853 F. 3d 492 - Court of Appeals, 9th Circuit (2017)

*Tennessee Elec. Power Co. v. TVA,* 306 U.S. 118, 137-138, 59 S. Ct. 366, 83 L. Ed. 543 (1939)

*Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509, 514 (5th Cir. 1982)

*U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 763, 109 S. Ct. 1468, 103 L. Ed.2d 774 (1989)

*Van Patten v. Vertical Fitness Group, LLC,* 847 F. 3d 1037 - Court of Appeals, 9th Circuit (2017)

*Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 334 & fn. 15

*Warth* v. *Seldin,* 422 U. S. 490, 508 (1975)

*White* v. *Davis, supra,* 13 Cal.3d at p. 774

*Whitmore, supra,* at 155 (quoting *Los Angeles* v. *Lyons,* 461 U. S. 95, 102 (1983)

**Other Authorities:**

28 U.S.C. § 1331
California Civil Code § 1785.25(a)
California Civil Code section 1785.25(a)
California Civil Code section 1785.25(g)
California Consumer Credit Reporting Agencies Act ("CCRAA")
California Consumer Privacy Act of 2018
California Constitution
Dean William L. Prosser *Privacy* (1960) 48 Cal. L. Rev. 381, 389
Fair Credit Reporting Act of 1970 (FCRA or Act), 15 U.S.C. § 1681 *et seq*
Fair Credit Reporting Act of 1970, Pub. L. 91-508, § 602, 84 Stat. 1114, 1128
Fair Housing Act
Federal Rule of Civil Procedure 11
Federal Trade Commission/ *business.ftc.gov.*
Prosser & Keeton, Torts (5th ed. 1984) § 56, p. 378, fn. omitted.

**CIVIL COMPLAINT- 3**

Restatement (Second) of Torts § 652(B) (Am. Law Inst. 1977)

Restatement Second of Torts, section 652E

Rudy Kleysteuber, Note, tenant screening thirty years later: a statutory proposal to protect public records, *116 Yale L.J. 1344, 1356-64* (2007)

Section 1785.25 (a)

Section 1785.31

Section 1788.17

## JURISDICTION

This Case, 28 U.S.C. § 1331, arising under the United States Constitution or federal laws or treaties. (Fair Credit Reporting Act of 1970, Pub. L. 91-508, § 602, 84 Stat. 1114, 1128)

## THE PARTIES

Plaintiff resides in Mendota California with his wife and children.

Plaintiff is informed and believes and thereon alleges that Defendant Online Information Services, Inc. ("OIS") is a North Carolina corporation with its principal place of business located in Winterville, Pitt County, North Carolina.

Plaintiff is informed and believes and thereon alleges that Does "1 to 50" are in some manner liable under the causes of action alleged herein as joint tortfeasors, agents, subagents, employees, principals, representatives, independent contractors and/or alter egos of the Defendant named herein, acted in concert with the other Defendant named herein, and/or caused the damages alleged herein. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of such Defendants at such time as the same have been ascertained.

## INTRODUCTION

This is a case of inaccurately reporting the credit of two individuals with similar names, Jose Cruz and Jose M. Cruz "Plaintiff". Both persons leased an apartment from Casa de Rosas Apartments in Mendota California, herein after "Landlord" during the same and overlapping periods of time.

The Landlord hired OIS, a debt collection agency, to collect the monies owed by Jose Cruz and not Jose M. Cruz, plaintiff. OIS reported the debt against Plaintiff, instead of Jose Cruz (the actual debtor) to the credit reporting bureaus, and that same inaccurate information appeared on Plaintiff's credit report.

CIVIL COMPLAINT- 4

Plaintiff alleges that he was unable to obtain loans due to the derogatory mark on his credit report on several occasions. Consequently, Plaintiff filed an action against the Landlord claiming that they inaccurately reported the default judgment on his consumer credit report.

The Landlord contended that because OIS reported the default judgment [inaccurate information] to the credit reporting bureaus, OIS is liable for any damages caused by the information appearing on Plaintiff's consumer credit report.

## STATEMENT OF FACTS

Plaintiff and his wife resided at the Casa de Rosas Apartments from April 30, 2010 through July 2, 2014. However, it is the events that occurred after Plaintiff vacated the premises in good standing that gave rise to this lawsuit.

Plaintiff lived with his family at Casa Rosas Apartments in Mendota, California for several years and had a stellar history in paying his rent. On April of 2015, Plaintiff found out he had an inaccurate blemish on his credit report when he attempted to acquire a loan to purchase a home, and start his own trucking business. Plaintiff, knowing he had a good credit, left his employment to start the business. When Plaintiff applied for a loan from the bank he received the devastating news of having a bad credit report. Plaintiff discussed the issue with the apartment manager and manager wrote a letter for Mr. Jose M. Cruz to show that he in fact had good credit with the bank.

It is Plaintiff's understanding that after notifying the manager of the inaccuracy, Landlord advised OIS of the error and OIS did not correct the error until February 2017. Plaintiff petitioned the Consumer Finance Protection Bureau on July 26, 2018 and OIS responded that they sent back the debt to Landlord in 2017.

On 11/5/14 a restitution of premises judgement was entered against Elizabeth and Jose Cruz on premise 654 Lozano St. Apt. 707, Mendota, Ca. 93640, Fresno County California. On 2/03/15 the court issued a judgement.

Mr. Jose M. Cruz on or about early 2015 attempted to acquire a loan from Bank of America in March or early April 2015, to purchase a semi-truck in order to continue employment as a self-

employed truck driver. The loan agent advised Plaintiff that he had a bad credit report and explained that it was a court default.

Plaintiff on 5/25/16 petitioned the court to vacate the default judgement and on 7/21/2016 Plaintiff appeared in court, as well as the apartment manager. The judgement was vacated.

Plaintiff values his credit history, for his family's livelihood, and wholly depended on this value. Plaintiff was unaware, at the time he filed a complaint in the Fresno County Superior Court, that Landlord had hired OIS a collection agency, and therefore Plaintiff could not have included OIS in the complaint. As to OIS, only Landlord was aware of the involvement of the service OIS provided to Landlord.

Plaintiff was employed as a truck operator for an employer since 2011. From January to April of 2015, Plaintiff lost work as an employee or self-employed because he could not get a loan to start his business, and after starting his business, from April to June 2016 when his truck broke down, he again lost wages because he was unable to get a loan to fix his semi-truck. In total Plaintiff lost wages of approximately $48,000 dollars because of the negative credit report created by OIS (proof to be provided). After many months of no income, and unable to get a loan, the damage was done to his credit and his business, occupation and livelihood. Plaintiff experienced high level of anxiety, embarrassment, and severe emotional distress having worked very hard at creating a good standing at the apartments and a good credit in his name.

Plaintiff asserts he has been damaged way more than he imagined and may be entitled to remedies for violations of the Fair Credit Reporting Act (FCRA), California Consumer Credit Reporting Agencies Act (CCCPAA), Negligence-Professional, Invasion of Privacy-Intrusion and Punitive Damages as well. Plaintiff files this action under the FCRA.

Under those guidelines for policies and procedures in "appendix A to furnishers rule part 660" and policies and procedures, in part, should include among other things: "must be reviewed periodically and updated, as necessary; should ensure that information provided to a Credit Reporting Agencies (CRA) is for the right person, and reflects the terms of the account and the consumer's

CIVIL COMPLAINT- 6

performance on the account; and establish internal controls for the accuracy and integrity of information." (Federal Trade Commission/ *business.ftc.gov*.)

Without Plaintiff's knowledge the incorrect credit reporting began its effects since October of 2014.

## LEGAL ARGUMENTS
## FAIR CREDIT REPORTING ACT

The FCRA is a federal law which imposes responsibilities on those who furnish information to consumer reporting agencies. Where entities that furnish information violate those responsibilities, the FCRA provides consumers with legal remedies.

Congress enacted the FCRA in 1970 in response to concerns about corporations' increasingly sophisticated use of consumers' personal information in making credit and other decisions. See Fair Credit Reporting Act of 1970, Pub. L. 91-508, § 602, 84 Stat. 1114, 1128. Specifically, Congress recognized the need to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. v. Burr,* 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L.Ed.2d 1045 (2007). (See *Syed v. MI LLC* at 496 (*Syed v. MI, LLC*, 853 F. 3d 492 - Court of Appeals, 9th Circuit 2017)

Congress thus required the use of reasonable procedures in procuring and using a "consumer report," defined as:

> "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under [the statute]." *Safeco Ins. Co. v. Burr,* 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L.Ed.2d 1045 (2007). (See *Syed v. MI LLC* at 496 (*Syed v. MI, LLC*, 853 F. 3d 492 - Court of Appeals, 9th Circuit 2017)

The Fair Credit Reporting Act of 1970 requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of consumer reports," 15 U.S.C. §

**CIVIL COMPLAINT- 7**

1681e (b), and imposes liability on "[a]ny person who willfully fails to comply with any requirement [of the Act] with respect to any individual," § 1681n (a). *Spokeo, Inc. v. Robins*, 136 S. Ct. 1543 - Supreme Court 2016

Section.1681n provides in part: "any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer…In similar terms, §1681o establishes comparable liability for negligent non-compliance. Plaintiff was in fact injured. Plaintiff lost wages because of the defendant's conduct of publishing inaccurate information and creating Plaintiff's bad credit report.

According to the Supreme Court,
> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, see *id.,* at 756; *Warth* v. *Seldin,* 422 U. S. 490, 508 (1975); *Sierra Club* v. *Morton,* 405 U. S. 727, 740-741, n. 16 (1972); and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" *Whitmore, supra,* at 155 (quoting *Los Angeles* v. *Lyons,* 461 U. S. 95, 102 (1983)). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Simon* v. *Eastern Ky. Welfare at* 561. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.,* at 38, 43. *Lujan v. Defenders of Wildlife*, 504 U. S. 555 - Supreme Court 1992

Congress created a private right of action for consumers. That right is to sue for violation of any requirement "imposed with respect to any consumer." That purpose, to provide some private remedy to injured consumers, coheres with what is seen as a primary purpose for the FCRA, <u>to protect consumers against inaccurate and incomplete credit reporting,</u> as in this case.

In *Nelson,* "the statute has been drawn with extreme care, reflecting the tug of the competing interests of consumers, CRA's, furnishers of credit information, and users of credit information. It is not for a court to remake the balance struck by Congress, or to introduce limitations on an express right of action where no limitation has been written by the legislature" (*Nelson v. Chase Manhattan Mortgage Corp.*, 282 F. 3d 1057 - Court of Appeals, 9th Circuit 2002).

CIVIL COMPLAINT- 8

As in this case, and in pertinent part: "typically, in special relationships, the plaintiff is particularly vulnerable and dependent upon the defendant who, correspondingly, has some control over the plaintiff's welfare [Citation]." A defendant who is found to have a 'special relationship' with another may owe an affirmative duty to protect the other person from foreseeable harm, (*Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 325 [59 Cal.Rptr.3d 770] (*Rotolo*), disapproved on other grounds in *Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 334 & fn. 15.)

The FCRA seeks to ensure "fair and accurate credit reporting." § 1681(a) (1). To achieve this end, the Act regulates the creation and the use of "consumer report[s]" by "consumer reporting agenc[ies]" for certain specified purposes, including credit transactions, insurance, licensing, consumer-initiated business transactions, and employment. See §§ 1681a (d) (1) (A)-(C); § 1681b. Enacted long before the advent of the Internet, the FCRA applies to companies that regularly disseminate information bearing on an individual's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." § 1681 a (d)(1). *Spokeo, Inc. v. Robins Id* at 1545

The FCRA provides a private right of action against those who violate its statutory requirements in procuring and using consumer reports. The affected consumer is entitled to actual damages for a negligent violation. 15 U.S.C. § 1681*o*. For a willful violation, however, a consumer may recover statutory damages ranging from $100 to $1,000, punitive damages, and attorney's fees and costs 15 U.S.C. § 1681n. And The Fair Credit Reporting Act creates a series of regulatory duties. Section 1681e (b) requires OIS to "follow reasonable procedures to assure maximum possible accuracy of the information <u>concerning the individual about whom the report relates</u>." § 1681e (b) (emphasis added).

**Injury in Fact of Statutory Right**

Injury in fact is a constitutional requirement, and "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines, supra,* at 820, n. 3, 117 S. Ct. 2312; see *Summers v. Earth Island*

CIVIL COMPLAINT- 9

*Institute,* 555 U.S. 488, 497, 129 S. Ct. 1142, 173 L.Ed.2d 1 (2009); *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 100, 99 S. Ct. 1601, 60 L.Ed.2d 66 (1979).

The injury was concrete and particularized to Mr. Jose M. Cruz. The harm was real, the inaccurate information did in fact appear in Mr. Jose M. Cruz's credit report and in fact affect his credit worthiness when he was unable to acquire loans. The injury can be remedied by a judgment in Plaintiff's favor for the lost income (wages) and any other remedy the court finds proper.

Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk. OIS plainly violated the procedures to keep Plaintiff's personal information private and did not provide accurate information to the CRA's.

The Ninth Circuit has observed that "a primary purpose for the FCRA [is] to protect consumers against inaccurate and incomplete credit reporting." *Nelson,* 282 F.3d at 1060.

Plaintiff believes he has Article III standing.

## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CALIFORNIA CIVIL CODE § 1785.25(A)

Plaintiff asserts that OIS should have known that when Landlord sent the debt for collection that they needed to provide the exact information, it was clear the name, social security number and tenancy were someone else. Plaintiff asserts OIS violated California Civil Code section 1785.25(a).

California Civil Code section 1785.25(a), which provides: "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

In *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1171 (9th Cir. 2009)], the Ninth Circuit found that a plaintiff could raise a claim under Cal. Civ. Code § 1785.25(a) because the [Federal Credit Reporting Act] expressly exempted that section from preemption. Section 1788.17 grafts the federal *debt collection* regulations onto the state *debt collection* regulations.

The preempting statute — 15 U.S.C. section 1681t — and section 1785.25, subdivision (a) do not govern debt collection practices. They govern credit reporting. A claim that a debt collection

**CIVIL COMPLAINT- 10**

agency is furnishing inaccurate information does not implicate either section 1788.17 or 15 US.C. §§ 1692b to 1692j unless the furnisher is also "collecting or attempting to collect a consumer debt." (§ 1788.17.) Here, in this case OIS was hired by landlord to collect a debt, OIS was attempting to collect a debt, but wrongly imputed the debt to Plaintiff instead of the actual debtor.

Neither California Civil Code section 1785.25(g) nor section 1785.31 imposes a "requirement or prohibition." Rather, these sections merely provide a vehicle for private parties to enforce other sections, which do impose requirements and prohibitions. In other words, Congress had no need to include these enforcement provisions in the § 1681t (b) (1) (F) exception to save the California statutory scheme from preemption, because those provisions were not preempted by the affirmative language of the preemption provision. By the plain language of the statute, therefore, these sections are not preempted by § 1681t (b) (1) (F). *Gorman, Id* at 1171

Here, it is California Civil Code section 1785.25(a), and only section 1785.25(a), that imposes legal duties—"rule[s] of law that must be obeyed"—on furnishers of information. Congress explicitly saved this section from preemption in the FCRA. Private enforcement of these obligations does not impose "requirement[s] or prohibition[s]" but, instead, provides enforcement mechanisms for "requirement[s] or prohibition[s] imposed separately." Sections 1785.25(g) and 1785.31 do not impose any additional standards "designed to be ... potent method[s] of governing conduct and controlling policy," *Riegel,* 128 S. Ct. at 1008, nor do these sections require furnishers to obey any additional rules of law. The rules that must be obeyed already exist in the reporting obligations specified by section 1785.25(a) and saved in the FCRA. See *Bates,* 544 U.S. at 445, 125 S. Ct. 1788.

Because the plain language of the preemption provision does not apply to private rights of action, and because the likely purpose of the express exclusion was precisely to permit private enforcement of these provisions, we hold that the private right of action to enforce California Civil Code section 1785.25(a) is not preempted by the FCRA. *Id* at 1173

### INVASION OF PRIVACY-SECLUSION

Actions to remedy defendants' invasions of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts, and the right of privacy is recognized by most states. See

**CIVIL COMPLAINT- 11**

Restatement (Second) of Torts § 652(B) (Am. Law Inst. 1977). *Van Patten v. Vertical Fitness Group, LLC*, 847 F. 3d 1037 - Court of Appeals, 9th Circuit 2017. *Id* at 1043.

The Supreme Court has noted that "both the common law and the literal understanding of privacy encompass the individual's control of information concerning his or her person." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 763, 109 S. Ct. 1468, 103 L. Ed.2d 774 (1989).

In a suit for the violation of a private right, courts historically presumed that the plaintiff suffered a de facto injury merely from having his personal, legal rights invaded. A plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right. See *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373-374, 102 S. Ct. 1114, 71 L.Ed.2d 214 (1982) (recognizing standing for a violation of the Fair Housing Act); *Tennessee Elec. Power Co. v. TVA,* 306 U.S. 118, 137-138, 59 S. Ct. 366, 83 L. Ed. 543 (1939) (recognizing that standing can exist where "the right invaded is a legal right, — one of property, one arising out of contract, one protected against tortious invasion, or one founded on a statute which confers a privilege"). *Spokeo, Inc. v. Robins* at 1553.

The Restatement Second of Torts, section 652E provides: "One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if, <u>(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.</u>"

Dean William L. Prosser analyzed the case law development of the invasion of privacy tort, distilling four distinct kinds of activities violating the privacy protection and giving rise to tort liability: (1) intrusion into private matters; (2) public disclosure of private facts; <u>(3) publicity placing a person in a false light;</u> and (4) misappropriation of a person's name or likeness. (Prosser, *Privacy* (1960) 48 Cal. L. Rev. 381, 389.) Actionable invasions of privacy also must be 'highly offensive' to a

reasonable person, and 'sufficiently serious' and unwarranted as to constitute an 'egregious breach of the social norms.' (*Hernandez, supra,* 47 Cal. 4th at p. 295, internal citation omitted).

In determining the "offensiveness" of an invasion of a privacy interest, Common Law Courts consider, among other things, "the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." (*Miller* v. *National Broadcasting Co., supra,* 187 Cal. App.3d at pp. 1483-1484.)

Informational privacy is the core value furthered by the Privacy Initiative in California. (*White* v. *Davis, supra,* 13 Cal.3d at p. 774.) A particular class of information is private when well-established social norms recognize the need to maximize individual control over its dissemination and use to prevent unjustified embarrassment or indignity.

"If sensitive information is gathered and feasible safeguards are slipshod or nonexistent, or if Defendant's legitimate objectives can be readily accomplished by alternative means having little or no impact on privacy interests, the prospect of actionable invasion of privacy is enhanced". *Id* at 38. In this case, simple confirmation alternative means were not used and did impact Plaintiff's privacy interest.

Plaintiff's private information was publicized that showed Plaintiff had bad credit, it was highly offensive as Plaintiff was unable to secure a loan to establish a business. Plaintiff experienced shame and great emotional distress from having his privacy and good credit violated. Once his business was established, Plaintiff was unable again to secure a loan to fix his truck in his trucking business, when it broke down, because of the false light he was placed in with the incorrect credit report.

OIS failed to simply verify the information from the provider (Landlord) and negligently provided the wrong information to the CRA's, further exposing Plaintiff's inaccurate credit information. Plaintiff was harmed in his credit, sustained harm to his occupation and business, and the conduct of Defendant was the substantial factor in causing the harm to Plaintiff including his privacy rights.

**CIVIL COMPLAINT- 13**

## NEGLIGENCE-PROFESSIONAL

In the Fair Credit Reporting Act of 1970 (FCRA or Act), 15 U.S.C. § 1681 *et seq.*, Congress required consumer reporting agencies, whenever preparing a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e (b). To promote adherence to the Act's procedural requirements, Congress granted adversely affected consumers a right to sue noncomplying reporting agencies. § 1681n (willful noncompliance); and § 1681o (negligent noncompliance).

Defendant OIS were and are "persons dealing with dangerous instrumentalities involving great risk of harm, and must exercise a greater amount of care than persons acting in less responsible capacities, but the former are no more negligent than the latter for failing to exercise the required care." *Id.* Plaintiff's information was exposed and did in fact damaged Plaintiff's credit and ability to obtain loans which he was seeking on several occasions, and lost income as stated above. *Cuno, supra,* at 342, 126 S. Ct. 1854.

In *Dennis v. BEH-1, LLC,* as in this case, "illustrates how important it is for [OIS like] Experian, a company that traffics in the reputations of ordinary people, to train its employees to understand the legal significance of the documents they rely on. *See generally* Rudy Kleysteuber, Note, tenant screening thirty years later: a statutory proposal to protect public records, *116 Yale L.J.* 1344, 1356-64 (2007). *Dennis v. BEH-1, LLC,* 520 F. 3d 1071 - Court of Appeals, 9th Circuit 2008.

Recently Governor Brown signed the California Consumer Privacy Act of 2018: In part SEC. 2. The Legislature finds and declares that: "(a) In 1972, California voters amended the California Constitution to include the right of privacy among the "inalienable" rights of all people. The amendment established a legal and enforceable right of privacy for every Californian. Fundamental to this right of privacy is the ability of individuals to control the use, including the sale, of their personal

information and (b) Since California voters approved the right of privacy, the California Legislature has adopted specific mechanisms to safeguard Californians' privacy, including the Online Privacy Protection Act, the Privacy Rights for California Minors in the Digital World Act, and Shine the Light, a California law intended to give Californians the 'who, what, where, and when' of how businesses handle consumers' personal information."

## EMOTIONAL DISTRESS AND HUMILIATION

Plaintiff suffered severe emotional distress, shame, and humiliation when he on several occasions was told he had bad credit, knowing he had worked hard at having noble credit. This would not have occurred if OIS had diligently reported the correct information.

The term "actual damages" has been interpreted to include recovery for emotional distress and humiliation. See *Johnson v. Department of Treasury, I.R.S.*, 700 F.2d 971, 984 (5th Cir.1983) (mental anguish included as an element of recovery in FCRA claims); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 514 (5th Cir. 1982); *Millstone v. O'Hanlon Reports, Inc.*, 528 F.2d 829, 834-35 (8th Cir.1976); *Bryant v. TRW, Inc.*, 487 F. Supp. 1234, 1240 (E.D.Mich.1980), *aff'd*, 689 F.2d 72 (6th Cir. 1982); *Jones v. Credit Bureau of Huntington, Inc.*, 184 W.Va. 112, 117, 399 S.E.2d 694 (1990). Moreover, no case has held that a denial of credit is a prerequisite to recovery under the FCRA, Although Here There Was a Denial of Credit on Several Occasions.

## CONCLUSION

While "[t]here may be no duty to take care of a man who is ill or intoxicated, and unable to look out for himself; ... it is another thing entirely to eject him into the danger of a street or railroad yard; and if he is injured there will be liability." (Prosser & Keeton, Torts (5th ed. 1984) § 56, p. 378, fn. omitted.) Whether plaintiff has a reasonable expectation of privacy in the

circumstances and whether Defendant's conduct constitutes a serious invasion of privacy are mixed questions of law and fact.

The Supreme Court most recently addressed the concrete injury requirement of standing in *Spokeo v. Robins.* The Court reiterated that "Article III standing requires a concrete injury even in the context of a statutory violation," and that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. Plaintiff was injured and can prove the injury with documentation of the violation and receipts for lost employment.

Plaintiff found out of who had placed the inaccurate credit information during discovery in the Superior Court complaint, and in particular when plaintiff agreed to a protective order to disclose from the CRA's the inaccurate credit report on or about February 26, 2018. Plaintiff asserts is well within the statute of limitation. 15 U.S.C. § 1681p

Plaintiff emphasizes that there is a need for consumers to defend their reputations and hold furnishers responsible for errors, in this case these were Major Errors. Plaintiff yet again declares, he has been affected by the actions of Defendant as stated in this Complaint.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**CIVIL COMPLAINT- 16**

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enters judgement against Defendants, and each of them, for:

1. General, compensatory, and special damages, according to proof,
2. Punitive damages according to proof,
3. Such other and further relief as the Court deems just and proper.
4. Pre and Post Judgement Interest

Plaintiff requests the amount of $48,000 dollars for actual damages and emotional distress and other punitive damages deemed just by the court. The punitive damages should be imposed on order to have OIS or any other CRA to fully comply with the FCRA and avoid others from experiencing what Plaintiff has had to endure.

### JURY TRIAL

Plaintiff herein requests a trial by Jury.

Date of signing: August 20, 2018

_Jose M. Cruz_
Plaintiff in Pro Per

CIVIL COMPLAINT- 17