1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE M. CRUZ,                              Case No. 1:18-cv-01127-AWI-BAM

12                   Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS
                                                 REGARDING DISMISSAL OF ACTION
14    ONLINE INFORMATION SERVICES,
      INC.,                                      (Doc. No. 1)
15
                     Defendant.                  **FOURTEEN (14) DAY DEADLINE**
16

17

18          Plaintiff Jose M. Cruz ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this

19   action against defendant Online Information Services, Inc. ("OIS") on August 21, 2018, alleging

20   claims under the Fair Credit Reporting Act as well as state court claims for violation of the

21   California Consumer Credit Reporting Act, negligence, invasion of privacy, and emotional distress.

22   (Doc. Nos. 1, 5-6.)   Plaintiff's complaint is currently before the Court for screening.   For the

23   reasons explained below, the Court will recommend that this case be dismissed with prejudice as

24   barred by claim preclusion, for failure to state a claim upon which relief may be granted, and for

25   lack of subject matter jurisdiction.

26          **I.      Screening Requirement and Standard**

27          The Court is permitted to screen complaints brought by litigants proceeding *in forma*

28   *pauperis*.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

                                                   1

1  dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or

2  seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b).

3       A complaint must contain "a short and plain statement of the claim showing that the pleader

4  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

6  do not suffice."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,*

7  550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required

8  to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir.

9  2009) (internal quotation marks and citation omitted).

10       To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient

11  factual detail to allow the Court to reasonably infer that each named defendant is liable for the

12  misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,*

13  572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

14  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

15  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss,* 572 F.3d at 969.

16  **II.**    **Plaintiff's Allegations**

17       Plaintiff's complaint alleges that he and his wife resided at the Casa de Rosas Apartments

18  from April 30, 2010, through July 2, 2014.  In April of 2015, while applying for a loan, Plaintiff

19  discovered that he had an error on his credit report.  Plaintiff alleges that Casa de Rosas Apartments

20  hired OIS, a debt collection agency, to collect monies owed to them.  OIS allegedly reported a debt

21  to unidentified credit reporting agencies as being owed by Plaintiff instead of the actual debtor, a

22  different individual with the same name as Plaintiff.  Prior to Plaintiff discovering the error, a

23  default judgment was entered against Plaintiff and his wife as a result of the alleged debt.  Plaintiff

24  subsequently successfully had the judgment vacated.  Plaintiff believes the landlord advised OIS

25  of the error in or about April of 2015, but Plaintiff's credit report was not corrected until February

26  2017.  Plaintiff contends he sustained $48,000.00 in damages consisting of lost wages due to his

27

28

inability to get a loan to start his trucking business as a result of the negative credit report, in addition to emotional distress and punitive damages.

### III. Discussion

For the reasons explained below, Plaintiff's claims are barred by the doctrine of claim preclusion, Plaintiff has failed to state a claim upon which relief may be granted, and the Court lacks subject matter jurisdiction over this dispute. As it is clear that these deficiencies could not be cured by amendment, the Court will recommend that Plaintiff's complaint be dismissed with prejudice. *See Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007).

### A. Claim Preclusion

### 1. Summary of Prior State Court Action

Plaintiff's complaint alleges that he filed an action against Casa de Rosas Apartments in Fresno County Superior Court seeking redress for the inaccurate credit report which forms the basis of this action. Plaintiff alleges that, at the time he filed the complaint in state court, he was unaware that Casa de Rosas Apartments had hired OIS and therefore could not have named OIS as a defendant.

According to the state court's records,[1] on August 10, 2016, Plaintiff filed an action known as *Jose Cruz v. Casa De Rosa Apartments, L.P., et al.,* Case No. 16CECG02567, naming Casa de Rosas Apartments, Leah Marin, and D&K Management, Inc. as defendants and alleging claims for negligence, false light, and negligent infliction of emotional distress. The state court complaint alleges that Plaintiff was a resident at Casa de Rosas Apartments and, in early 2015, attempted to acquire a loan but discovered that he had poor credit due to a judgment for restitution of premises that had been entered against Plaintiff and his wife. Plaintiff subsequently successfully petitioned the Court to vacate the judgment against him, at which time he discovered that the judgment had resulted from confusion between his name and the actual debtor's name.

On January 26, 2017, the state court dismissed Plaintiff's cause of action for negligent infliction of emotional distress without leave to amend. On February 22, 2017, the state court

---

[1] The Court *sua sponte* takes judicial notice of the records of *Jose Cruz v. Casa De Rosa Apartments, L.P., et al.,* Fresno Superior Court Case No. 16CECG02567. Fed. R. Civ. P. 201.

defendants filed a cross-complaint for equitable indemnity, comparative indemnity, and declaratory relief against OIS as well as various credit reporting agencies who were subsequently dismissed without prejudice. On April 30, 2018, defendants Casa de Rosas Apartments, Leah Marin, and D&K Management, Inc. moved for summary judgment against Plaintiff on his negligence and false light claims. The state court granted the defendants' motion for summary judgment on July 19, 2018, and judgment was subsequently entered in favor of the state court defendants and against Plaintiff. The defendants then dismissed their cross-complaint against OIS with prejudice. Plaintiff filed a notice of appeal on August 21, 2018, but abandoned his appeal on September 6, 2018, and a remittitur was issued on October 8, 2018.

## 2. Legal Standard

The doctrine of claim preclusion[2] bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.,* 399 F.3d 1047, 1051 (9th Cir. 2005); *Holcombe v. Hosmer,* 477 F.3d 1094, 1097 (9th Cir. 2007). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," provided that the parties have an opportunity to be heard prior to dismissal. *Arizona v. California*, 530 U.S. 392, 416 (2000); *Headwaters, Inc.*, 399 F.3d at 1055; *Genthner v. Hedrick*, 2016 WL 4261896, at *1 (E.D. Cal. Aug. 11, 2016), *aff'd,* 690 F. App'x 1003 (9th Cir. 2017) (plaintiff had opportunity to be heard where she was given opportunity to object to findings and recommendations prior to dismissal due to claim preclusion). "Further, where the court is aware of a potentially preclusive decision, it is consistent with the interests in finality, conservation of judicial resources, and protecting litigants from multiple lawsuits for the court to

---

[2] The United States Supreme Court uses the term "res judicata" to refer both to claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). However, the California Supreme Court generally uses the term "res judicata" to refer to claim preclusion, and the term "collateral estoppel" to refer to issue preclusion. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 797 (2010); *Green v. Central Mortg. Co.*, 148 F.Supp.3d 852, 866 n.2 (N.D. Cal. 2015); *Genthner v. Hedrick*, 2016 WL 8731382, at *2 n.1 (E.D. Cal. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 4261896 (E.D. Cal. Aug. 11, 2016), *aff'd*, 690 F. App'x 1003 (9th Cir. 2017).

examine the preclusive nature of a prior judgment *sua sponte*." *Genthner,* 2016 WL 4261896, at *1 (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033–34 (9th Cir. 1986)).

Federal courts give preclusive effect to issues decided by state courts when a party from a prior state court proceeding attempts to relitigate identical issues in a subsequent federal proceeding. *Allen v. McCurry,* 449 U.S. 90, 96 (1980); *Brodheim v. Cry,* 584 F.3d 1262, 1268 (9th Cir. 2009) ("[F]ederal courts are required to give state court judgments the preclusive effects they would be given by another court of that state.") (citations omitted). When determining the preclusive effect of a state court judgment, a federal court must look to the laws of the state where the judgment was entered. *Migra v. Warren City Sch. Dist. Bd. Of Educ.,* 465 U.S. 75, 81 (1984).

California law provides that a final judgment of a state court precludes further proceedings if they are based on the same cause of action. *Brodheim,* 584 F.3d at 1268. In California, claim preclusion applies if (1) the second lawsuit involves the same "cause of action" as the first; (2) the first lawsuit resulted in a final judgment on the merits; and (3) the party claim preclusion is being asserted against was a party, or in privity with a party, to the first lawsuit. *Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 19 Cal.2d 807, 812 (1942); *Planning & Conservation League v. Castaic Lake Water Agency*, 180 Cal. App.4th 210, 226 (2009). As to the first element, California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes. *Brodheim,* 584 F.3d at 1268. Under this theory, a cause of action is (1) a primary right possessed by the plaintiff; (2) a corresponding primary duty devolving upon the defendant; and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Id.* (citing *City of Martinez v. Texaco Trading & Transp., Inc.,* 353 F.3d 758, 762 (9th Cir.2003)). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. *Id.* (citing *Eichman v. Fotomat Corp.,* 147 Cal.App.3d 1170, 1174 (1983)).

///

///

///

### 3. Plaintiff's Claims Are Barred By Claim Preclusion

In this instance, the elements of claim preclusion are satisfied. First, this action involves the same cause of action as the state court action as both rely on the same underlying injuries to Plaintiff and the same wrongs by the defendants. Both actions allege that the defendants wrongfully caused incorrect information to be reported to unidentified credit reporting agencies and a default judgment was entered against Plaintiff and his wife in error, resulting in damage to Plaintiff's credit report and ability to obtain a loan. This claim was denied by the state court. Although Plaintiff is now suing OIS rather than Casa de Rosas Apartments, Leah Marin, and D&K Management, Inc. and is asserting new legal theories in this action, this does not alter the determination of the first element of the claim preclusion analysis. In California, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Furnace v. Giurbino*, 838 F.3d 1019, 1024 (9th Cir. 2016) (citations omitted.) Here, Plaintiff is complaining of the same injuries and the same wrongs as in the state court action. Plaintiff's claims arise from the same harm to his credit report that occurred when inaccurate information was reported to credit reporting agencies. Plaintiff further alleges that the defendants had the same duty not to report inaccurate information about him. Because the same injury and the same wrong are complained of in the prior state court action and in this matter, the first element of the claim preclusion analysis is satisfied.[3]

---

[3] Plaintiff's complaint alleges that he did not name OIS as a defendant in the state court action because he was unaware that Casa de Rosas Apartments had hired a collection agency at the time the state court complaint was filed. However, claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 324 (9th Cir. 1988) (citations omitted). According to the state court records, Plaintiff was aware of OIS' involvement in this matter as well as his potential FRCA claims while the state action was pending, as these issues were expressly raised in the state court defendants' cross-complaint against OIS for indemnity, OIS' motion for judgment on the pleadings, and the parties' briefing on the motion for summary judgment. Plaintiff nonetheless did not seek to amend his complaint to state any claims against OIS directly or to allege any additional legal theories available to him.

Second, the state court action resulted in a final judgment on the merits, as summary judgment was entered in favor of defendants and against Plaintiff and his subsequent state court appeal has been abandoned. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (explaining that a judgment is final for purposes of res judicata after resolution of appeal under California law and upon issuance of trial court judgment under federal law). Third, it is apparent that both OIS and Plaintiff, the party against whom claim preclusion is to be applied, were parties to both the prior state court action and the present action. *Bernhard*, 19 Cal.2d at 812; *Planning & Conservation League*, 180 Cal. App.4th at 226; *Furnace*, 838 F.3d at 1028. As a result, the Court finds that Plaintiff's federal action is barred due to claim preclusion and should be dismissed.

**B.      Fair Credit Reporting Act Claims**

**1.      Statutory Background**

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x,[6] was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1153 (9th Cir. 2009) (citing *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47 (2007)). In relevant part, it imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers" in the statute, in order to ensure that credit reports are accurate. *Gorman,* 584 F.3d at 1153. 15 U.S.C. § 1681s–2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. Subsection (a) details the duty "to provide accurate information." 15 U.S.C. § 1681s-2(a). Subsection (b) imposes a second category of duties that are triggered "upon notice of dispute," *i.e.* when a furnisher receives notice from a credit reporting agency that the consumer disputes the information. 15 U.S.C. § 1681s-2(b); *see also* 15 U.S.C. § 1681i(a)(2). These include duties to investigate the dispute and report the investigation's results within a prescribed deadline. *Id.* However, the duties in subsection (b) arise only after the furnisher receives notice of dispute from a credit reporting agency; "notice of a dispute received directly

from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman,* 584 F.3d at 1154*; Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1059–60 (9th Cir. 2002).

The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. 15 U.S.C. §§ 1681n, 1681o; *Gorman,* 584 F.3d at 1154*; Nelson,* 282 F.3d at 1059. However, this private right of action is limited to claims arising under subsection (b), the duties triggered upon notice of a dispute from a credit reporting agency. 15 U.S.C. § 1681s–2(c) (". . . sections 1681n and 1681o of this title do not apply to any violation of ... subsection (a) of this section, including any regulations issued thereunder."). Only federal or state agencies are authorized to enforce the duties imposed on furnishers under subsection (a). 15 U.S.C. § 1681s–2(d).

### 2.      Plaintiff Fails to State a Claim for Violation of the FCRA

Even if claim preclusion did not bar Plaintiff's claims, he has failed to state a claim for violation of the FCRA. Plaintiff alleges that OIS inaccurately reported information regarding Plaintiff to credit reporting agencies in violation of the FCRA, resulting in a default judgment against Plaintiff. Plaintiff additionally alleges that he notified his landlord of the error on his credit report in April of 2015 and the landlord subsequently advised OIS that the information pertaining to Plaintiff was inaccurate, but OIS did not correct the error until February of 2017.

However, as discussed above, there is no private right of action for a violation of 15 U.S.C. § 1681s-2(a), which governs the duties of furnishers such as OIS not to provide inaccurate information. Plaintiff's claim under the FCRA for OIS' alleged inaccurate reporting of information is therefore barred. Moreover, Plaintiff fails to state a claim for a violation of 15 U.S.C. § 1681s-2(b) with respect to the timeliness of OIS' investigation because Plaintiff alleges that OIS received notice of Plaintiff's dispute from Casa de Rosas Apartments and not from a credit reporting agency. A notice of dispute must be received from a credit reporting agency, and not from the consumer or a third party, in order to trigger a furnisher's duties under subsection (b). *See* 15 U.S.C. §§ 1681s-

2(b), 1681i(a)(2); *Gorman,* 584 F.3d at 1154; *Nelson,* 282 F.3d at 1059-1060.  Plaintiff has therefore failed to state a claim for violation of the FCRA.

### C.      Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction.  They can only adjudicate cases authorized by the United States Constitution and Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  To proceed in federal court, Plaintiff's complaint must establish the existence of subject matter jurisdiction as federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction.  *Id.* at 377.  Lack of subject matter jurisdiction is never waived and may be raised by the court *sua sponte.*  *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594-595 (9th Cir. 1996); *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984.)  Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and 2) federal question jurisdiction.  28 U.S.C. §§ 1331, 1332.

### 1.      Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).  Here, while the parties appear to be citizens of diverse states, Plaintiff seeks damages in the amount of $48,000.00.  (Doc. No. 1.)  This is less than the jurisdictional prerequisite of more than $75,000.00.  *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986) (holding that the party asserting diversity jurisdiction bears the burden of proof.)  Accordingly, the Court lacks diversity jurisdiction.

### 2.      Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).  The presence or absence of federal-question

jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

As discussed above, Plaintiff has failed to state a claim for violation of the FCRA. Furthermore, none of Plaintiff's remaining allegations appear to assert any violation arising under the Constitution, laws, or treaties of the United States. As a result, the Court lacks federal question jurisdiction over Plaintiff's claims.

### D. State Law Claims

Plaintiff additionally alleges state law claims for violation of California's Consumer Credit Reporting Agencies Act, invasion of privacy, negligence, and emotional distress. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and they accordingly will not be screened.

### IV. Conclusion and Recommendations

Based on the foregoing, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, as barred by claim preclusion, for failure to state a claim, and for lack of subject matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 24, 2019**                    /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE